Robert Quait, Plaintiff in Error, v. Wortham Brothers Company et al., Defendants in Error.

### Gen. No. 17,750.

1. CHANCERY—*when bill properly dismissed for want of equity.* A bill is properly dismissed for want of equity where no relief is asked by complainant for himself, but an accounting by the receiver in bankruptcy of defendant company is prayed, and certain of his actions and a composition settlement are complained of, and it is not stated that the proceedings are terminated and the receiver discharged; and where it is further prayed that certain amounts collected from certain defendants be distributed among the creditors of defendant company, but complainant is a stockholder and not injured by alleged fraudulent acts of the officers of defendant company, it not being claimed that the assets of the company were sufficient to pay creditors when it ceased to do business.

2. BANKRUPTCY—*actions of receiver, how attacked.* Actions of a receiver in bankruptcy may not be attacked in the state courts, but the United States courts must be resorted to for relief as to his acts.

3. CORPORATIONS—*when bill to wind up demurrable.* A bill to wind up a corporation under Corporation Act, section 25, is demurrable where all the stockholders are not made parties.

Error to the Circuit Court of Cook county; the HON. ADELOR J. PETIT, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1910.  Affirmed.  Opinion filed January 14, 1913. *Certiorari* denied by Supreme Court (making opinion final).

EDWY LOGAN REEVES, for plaintiff in error.

HINER, BUNCH & LATIMER and R. K. WELSH, for defendants in error; MOSES, ROSENTHAL & KENNEDY, of counsel.

274    APPELLATE COURTS OF ILLINOIS.

Quait v. Worthham Bros. Co., 176 Ill. App. 273.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This is a writ of error taken from a decree entered in the Circuit Court of Cook County dismissing an amended bill of complaint for want of equity.

From the bill it would appear that the defendant, Wortham Brothers Company, was a corporation organized under the laws of Illinois, with a capital stock of $100,000, of which complainant was the owner to the extent of $3,000; that after having carried on its business elsewhere it moved to Rockford, Illinois, on January 15, 1906, and thereafter carried on business in that city until August 21st of the same year, when, upon the petition of creditors, it was thrown into bankruptcy. The bill then alleges that one Stevens was appointed receiver; that the inventory of the receiver showed that he found assets of upwards of $86,000; that claims of creditors were proved against the corporation of upwards of $60,000; that the receiver carried on said business for a period of four months; that his receipts exceeded his disbursements and his report showed cash on hand at the end of the receivership of $10,351, "which said sum of money," the bill alleges, "should have been turned over to the corporation by the receiver, and by the corporation paid to its creditors, but instead of so doing, the receiver, confederating with three of said creditors, wrongfully diverted the said money to the payment of the claims of three certain favored creditors;" that there was a composition made with the creditors on the basis of 37½ cents on the dollar; that the money necessary to pay the same was deposited with the clerk of the United States District Court for the Northern District of Illinois; that said composition was not fairly effected; that the defendants composing the firm of Carson Pirie Scott & Company, the Rockford National Bank and H. B. Claflin & Company had claims of various amounts; that they signed the agreement to accept 37½ cents on the dollar in payment of the claims, as an

inducement to other creditors to consent thereto; that they had a secret arrangement with the receiver whereby the receiver was to pay them the full amount of their claims to the damage of the other creditors. The bill further alleges that the said receiver delivered to the Wortham Brothers Company after the composition, merchandise and fixtures not disposed of to the value of upwards of $26,000, but did not pay over any part of the $10,351, but diverted the same in fraud of the general creditors and divided the same amongst the three certain favored creditors heretofore mentioned; that the corporation continued in business until about February 1, 1907, when a pretended sale of the merchandise was made by it to one W. S. Martin; that the goods were shortly thereafter damaged by fire, and the said Martin received from the insurance company nearly $22,000 in settlement of the damages sustained to the stock of goods; that Martin was a relative of the Wortham Brothers and a man of no financial means or business experience; that the sale was not a bona fide sale of the assets of the Wortham Brothers Company; that said Wortham Brothers Company after making the said sale ceased doing business under its charter, leaving large amounts due to its creditors and unprovided for; that on July 28, 1909, the defendant W. S. Martin Company was incorporated, with a capital stock of $15,000, the stock being issued to Martin and two of his daughters; that the incorporators were the three persons mentioned, together with W. C. Stevens, who previously had been receiver of the Wortham Brothers Company; that Horace Wortham, the manager of the business, was the husband of N. G. Wortham, one of the daughters of Martin referred to, and that Martin was secretary and treasurer of the company, and had no capital or credit. After other allegations not necessary to be stated the bill sets forth that part of the assets or proceeds thereof held by the Martin Company rightfully belonged to the Wortham Brothers Company.

The prayer of the bill is as follows:

"That the defendant may be decreed to account for all assets, cash and credits received by them from Wortham Brothers Company, or William L. Wortham, Horace L. Wortham and Jesse L. Wortham, between August 20, 1906, and January 1, 1909, and that William L. Wortham, Horace L. Wortham and Jesse L. Wortham may be decreed to account for all assets, cash and credits received by them or either of them between the date of August 26, 1906, and January 1. 1909, and that said Wortham Brothers Company may be decreed to account for all assets, cash and credits received by it from the receiver in bankruptcy, and that Webb C. Stevens may be decreed to account for $10,351, and that the Rockford National Bank may be decreed to account for all payments received by it in excess of thirty-seven and one-half cents on its claim of $10,000, and that Carson Pirie Scott & Company, a copartnership, may be decreed to account for all payments received by them in excess of thirty-seven and one-half cents on the dollar in their claim of $5,254.11, and that H. B. Claflin & Company may be decreed to account for all payments received by it in excess of thirty-seven and one-half cents on the dollar on its claim of $1,768.57, and that a receiver be appointed for the Wortham Brothers Company, a corporation, with the usual powers to collect and distribute the same according to the respective rights of the creditors, and that the said composition settlement as aforesaid be set aside and held for naught as aforesaid."

General and special demurrers were filed and sustained. The complainant did not desire to amend the bill, and a decree thereupon was entered dismissing it for want of equity. The action of the court seems to have been justified for various reasons. It will be noticed from the prayer of the bill that no relief is asked by the complainant so far as he himself is concerned. It is asked that certain of the defendants be decreed to account for certain assets, cash and credits received by them, not on behalf of the complainant, but on be-

half of the creditors of the defendant Wortham Brothers Company.

We are not advised by the bill whether or not the proceedings in the United States District Court were terminated, nor whether the receiver was discharged by that court. The bankruptcy proceedings appear to have been brought August 21, 1906, and the composition was probably effected some time thereafter. We might presume that the proceedings in bankruptcy were terminated, as the bill alleges that "said corporation continued in business until on or about January 1, 1907," when the sale of its merchandise was made to Martin.

There is no way by which the actions of a receiver in bankruptcy may be attacked in the state court. The United States Court is the tribunal to be resorted to for relief as to any of his acts of which complaint is made. The composition settlement is attacked, but that too is a matter entirely within the jurisdiction of the Federal Court.

The prayer of the bill is that the amounts collected from the various defendants be distributed according to the relative rights of the creditors. The complainant is not a creditor, but a stockholder, and if, as would appear from the bill, it is not claimed by the complainant that the assets of the defendant, Wortham Brothers Company, were sufficient at the time it ceased to do business to pay the creditors, it must follow that the complainant was not injured by the actions of the corporation through its officers, as set forth in the bill.

It is insisted by the complainant that the purpose of the bill is to wind up the corporation, under section 25 of the Corporation Act. If that is its purpose it is demurrable, because all of the stockholders are not made parties.

We find it unnecessary to consider other objections which are made to the bill and discussed in the briefs. For the reasons given the decree will be affirmed.

*Decree affirmed.*